Mi’. Justice Nott
delivered the opinion of the court;
It is now a rule so well settled, as to have become a fundamental principle in every action, that a correspondence between the allegations and the proof must always be required. A person must always allege and distinctly State whatever it is necessary for him to prove ; and he must always prove whatever it is necessary, in support of his action, to allege, and which is denied on the other side. By a reference to the bill of sale in this case, it appears that the defendant sold, “without any manner of warranty, except as to property.”
If by the word “ property” used in this instrument, wc arc to understand that the seller meant to warrant the soundness as well as the title of the negro, the plaintiff can not recover in this form of action, because he had a higher remedy by action of covenant on the deed. For although this court has held, that an implied warranty of soundness may exist where the party has by deed given an express warranty of title only, yet it has never held that an action on an implied warranty could be maintained, where there was an express warranty by deed to the-same effect. But on the contrary, it has been decided that the action must be on the covenant. If by that word, howe ver, we are to understand that he warrants the title only, then a warranty of soundness is not only not implied, but is expressly negatived. The plaintiff, therefore, can recover .only on the ground of fraud or deceit. And whenever fraud'or deceit forms the ground of the plaintiffs right to recover, a knowledge of the facts relied on, (or the scienter, as it is sometimes expressed,) constitutes the gist of the action, and must be expressly alleged and proved. In this declax-ation, wc fmd no allegation of fraud. It does not even appear how the cause of action arose. It is barely stated that the defendant is indebted to the plaintiff a certain surd of money had and received, and the like sum of money laid out and expended at his instance and request. The evidence, therefore, went to establish a substantive and distinct cause of action from *169 that laid in the declaration. Nothing is inore conducive to the ends of justice or the security of parties litigant than that the cause of actions should be set out with clearness and precision, and that the bounds of actions should be distinctly marked out and preserved. It is unnecessary to determine which would have been the most appropriate form of action, assumpsit or an action on the case for deceit. For in either case the scienter must be alleged where the causé of action arises from the fraud:
In the case of Stewart & Wilkins, (Douglass 18,) Lord Mansfield says, “ selling fbr a sound price without warranty, may be a ground for an assumpsit, but in such case it ought to be laid that the defendant knew of the unsoundness.” The declaration in this case contains no such allegation,- and the testimony therefore ought not to have been admitted.
It has been contended that a contrary decision.was made in the case of Shelton vs. Garry, (1 McCord, 470,) a manuscript report of which was read in the course of the argument. But by comparing the two cases, no such inconsistency will be found. That was an action on a promissory note given for the purchase money of a tract of land. The defence was, that at the time of sale, the plaintiff pointed out to the defendant certain land as belonging to him, which he knew was not embraced in his grant. The court held, that either a breach of warranty or fraud was a good ground of defence. So on the other hand, a breach of warranty or fraud is a good cause of acj tioni But the difference between the causes of action and grounds of defence is this, — a plaintiffmust always set out his cause of action in his declaration. He can not be permitted to state one thing, and prove another. The same principle applies to a défendant where it is necessary to set out the grounds of his defence in a plea. But he can be subject to no such restraint where the matter of his defence is given in evidence under the general issue. He may then avail himself of every thing which according to the rules of pleading, m ay be given in evidence to shew *170 that the plaintiff ought not to recover. The decision, therefore, in the case above alluded to, (Shelton vs. Garry, 1 McCord, 470,) is in perfect harmony with the opinion now expressed. It is frequently necessary to embrace a number of counts in a declaration for the purpose of meeting the various views which a cause may present in the course of its investigation. And a plaintiff is never permitted to give in evidence any matter not thus laid in his declaration, however consistent it may be with the nature of the action. Thus, for instance, on the declaration now before us, the plaintiff could not give evidence of goods, wares and merchandizes, sold and delivered, nor of work and labour done for the defendant. Yet, the defendant might go into evidence of fraud, breach of contract or any other fact pertinent to the issue, which would go to defeat the plaintiffs action. The evidence of fraud ought not, therefore, to hate been admitted in this case, and a new trial must be granted on that ground.
King, for the motion.
Ford JDeSaussure, contra.
I am not required to express any opinion on the other ground. I think it is not improbable, however, that if it stood alone, that also would furnish an obstacle to the plaintiffs success of no inconsiderable difficulty. I am not prepared to say that there is any thing in this case to make it an exception to the general rule, that parol evidence shall not be admitted to contradict or explain a deed.
The motion is granted.
Justices Johnson, Colcock, Richardson and Gantt, concurred.
Petigru, for the motion.
Lance, contra.